# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN STEPHEN VANDERBOL III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-17-128-HE |
| | ) | |
| STEPHANIE A TULLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff John Vanderbol has moved to transfer this case to the U.S. District Court for the Northern District of Texas based on 28 U.S.C. § 1404. Courts have broad discretion to transfer actions under § 1404. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (1991). But that discretion does not permit courts to "transfer a suit to a district which lacks personal jurisdiction over the defendants." *Id*. Instead, the statute allows transfer to "a district or division where [the suit] might have been brought . . . ." 28 U.S.C. § 1404(a).

Here, defendants Hammond, Ogden, and Christensen object to any transfer of venue on the basis that the Northern District of Texas lacks personal jurisdiction over them. Plaintiff has not filed a reply to these defendants' responses or otherwise contested defendants' assertions that no basis for jurisdiction over them would exist in a Texas court. There is nothing in the complaint's allegations against these defendants that would plausibly suggest some different conclusion. The Due Process Clause requires that a nonresident defendant at least have "minimum contacts" with the forum state before a court

in that forum can exercise personal jurisdiction over that defendant. OMI Holdings, Inc. v. Royal Ins. Co., 149 F.3d 1086, 1090 (10th Cir. 1998). This standard requires, at a minimum, that the defendant purposefully direct his activities at residents of the forum and that the litigation arises from those activities. *Id*. at 1091. Notably, "the plaintiff cannot be the only link between the defendant and the forum." Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014). In the circumstances existing here, no showing has been made that the contacts necessary to jurisdiction would exist with the State of Texas or that the case could properly have been brought there.

Plaintiff's motion for change of venue [Doc. #2] is **DENIED**.

**IT IS SO ORDERED.**

Dated this 17th day of March, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE